WOLF, JAMES R., Associate Judge.
Appellants challenge a final judgment which dismissed their amended complaint for failure to sufficiently allege compliance with section 768.28(6), Florida Statutes (1989). We find that the amended complaint sufficiently alleged that written notification of the claim was given to the Broward County Sheriffs Office. The trial court therefore erred in granting appellee’s motion to dismiss appellants’ amended complaint.
Section 768.28(6)(a), Florida Statutes, in pertinent part states:
An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also ... presents such claim in writing to the Department of Insurance, within 3 years after such claim accrues and the Department of Insurance or the appropriate agency denies the claim in writing....
Appellants’ amended complaint alleged in pertinent part:
5. Plaintiffs have complied with all conditions precedent to bringing suit against a public agency as required by Florida Statutes Section 768.28(6). (See Composite Exhibit “A”).
a) Plaintiffs provided written notice to the appropriate agency of their claims arising from the incident which is the subject of this suit, pursuant to Section 768.28(6)(a), Florida Statutes.
Attached as composite exhibit “A” to the complaint was a letter giving notice of the claim to Richard Sully Rizzo of Rizzo & Rizzo Insurance Adjusters, Inc., an insurance adjuster for Broward County Sheriffs Office, and a response letter to appellants’ attorney from Rizzo stating that they had investigated the claim and were denying it.[1]
We find that the letter from the insurance adjuster which identified his client as the Broward County Sheriffs Office and stated “we have investigated the claim” and “we are respectfully denying your claim,” coupled with the allegation that appropriate notice had been given pursuant to the statute, when viewed in the light most favorable to appellants, sufficiently demonstrate that notice was given to the appropriate party. The final order dismissing the amended complaint is reversed.
FARMER and PARIENTE, JJ., concur.

. There is some question whether affidavits from appellants' attorney were attached and made a part of the complaint. In light of our disposition it is unnecessary for us to resolve this issue.